Turley, J.
delivered the opinion of the court.
This is an action of ejectment, in which there was judgment for the lessee of the plaintiff in the court below, which is sought to be reversed here upon three grounds.
1st. That there is no sufficient evidence of authority in the attorney of the plaintiff to commence and prosecute the suit. A rule was made upon the attorney in the Circuit Court to produce his authority; in compliance with which he produced powers of attorney from Elizabeth Spellings and Rebecca Park, the lessors, authorizing him to prosecute the suit. The execution of these powers was proved in the State of North Carolina; *482 that from Rebecca Parks in the Superior Court of Law for that State, at the October term, 1842, before M. E. Manly, one of the presiding Judges of that court, by the subscribing witness, which fact is certified by him and by the clerk, who also certifies that Manly was a judge of that court. That from Elizabeth Spellings was proved by the subscribing witness at the spring term, 1843, of the same court, and certified in the same manner as that from Rebecca Parks. These certificates of probate, it is contended, are not legally authenticated, and that therefore the powers of attorney were not competent evidence under the rule and in discharge thereof. We think they were properly received by the Circuit Judge. A power of attorney authorizing the commencement or prosecution of a suit, need not be proved with the formalities required when'it is sought to be used as a muniment of title. The attorney is an officer of the court, responsible to it for a proper and faithful discharge of his duties; and although when required he must produce satisfactory evidence of his authority to prosecute a suit, yet the presumption is not against, but in favor of his authority; and therefore it has never in this State been required that he should produce a power of attorney authenticated by the forms of law: in fact, a power of attorney in form has not been required at all: any written communication by letter or otherwise, giving the authority or recognizing it, has been held to be sufficient, as would any parol proof of the same fact, as all the court asks, in addition to the attorney’s official responsibility, is such proof as will raise a reasonable presumption of the existence of the authority: such we think these powers of attorney, authenticated as they are, to be.
2d. It is, contended, that there is no legal proof that the lessors of the plaintiff are the heirs at law of Benjamin Steadman, the grantee of the premises in dispute, in which character they claim. The lessors trace their descent by clear and legal proof from Sarah Steadman, who is proved to have been the daughter of Benjamin Steadman, the grantee; but there is no proof that Benjamin Steadman was ever married, as there is also none tending in the slightest degree to attach to Sarah the charge of illegitimacy. The proof shows, that Benjamin Stead- *483 man was a soldier of the revolution, and has been dead a great many years. This, together with the probability arising from the unsettled state of the country, before and during the revolution, that there may be no record evidence of his marriage, would render it exceedingly difficult to produce direct proof of it. This, indeed, is not required in any case, when the marriage is of as long standing as this; but the same may be established by reputation; and although the proof being unskilfully taken, does not directly establish a reputation of marriage; yet it does the paternity of Sarah Steadman, which in the absence of any suspicion of illegitimacy under the circumstances, we hold to be sufficient, and the more especially as this question arises incidentally, the controversy not being between persons claiming under conflicting rights of heirship.
3d. The defendant attempts to protect his possession by showing an outstanding title in John C. Hamilton as a purchaser under a tax sale, and also a title in himself as purchaser under a tax sale. Records in support of both these are produced, which upon examination are found to be so defective as to pass no right under the decisions of this State. We do not deem it necessary to enter into an investigation of the questions arising out of them, as they have been again and again adjudicated. The same objections exist to the records of both these sales that existed to that in the case of Gardner & Mosely vs. Brown, 1 Hump. Rep. 354, in which it was held, after mature and deliberate examination, that the sale was void. To that case we refer, as having settled every thing upon this point in the case under consideration.
Judgment affirmed.